Chen v. Whitaker

BIA
Gordon-Uruakpa, IJ
A089 254 392

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of December, two thousand eighteen.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> > *Circuit Judges.*

_____

XIAO YING CHEN,
> *Petitioner,*

v.

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

11-3790(L),
12-2841(Con)
NAC

_____

FOR PETITIONER:          Richard Tarzia, Belle Mead, NJ.

1

**FOR RESPONDENT:**     Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Carl McIntyre, Assistant Director; Brooke M. Maurer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of these petitions for review of two Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioner Xiao Ying Chen, a native and citizen of the People's Republic of China, seeks review of (1) an August 25, 2011, BIA decision that affirmed the January 7, 2010, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), *In re Xiao Ying Chen,* No. A089 254 392 (B.I.A. Aug. 25, 2011), *aff'g* No. A089 254 392 (Immig. Ct. N.Y. City Jan. 7, 2010), and (2) a June 26, 2012, BIA decision denying Chen's motion to reopen, *In re Xiao Ying Chen,* No. A089 254 392 (B.I.A. June 26, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under these circumstances, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness."

2

04122018-1

*Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58, 168-69 (2d Cir. 2008).

**I.  Docket 11-3790(L), Order of Removal**

Chen applied for asylum, withholding of removal, and CAT relief, asserting a fear of persecution based on the birth of her children in the United States in violation of China's population control program. As an initial matter, contrary to Chen's contention, the agency applied the correct burden when considering her application. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 68-69 (2d Cir. 2002); *Jian Hui Shao*, 546 F.3d at 156.

For largely the same reasons as set forth in *Jian Hui Shao*, we find no error in the agency's determination that she failed to satisfy her burden for asylum, withholding of removal, and CAT relief. *See* 546 F.3d at 158-67; *see also Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

**II. Docket 12-2841(Con), Motion to Reopen**

Chen moved to reopen her removal proceedings to present new evidence to support her claimed fear of persecution under

3

04122018-1

China's population control program and to apply for relief based on her fear of persecution on account of her practice of Falun Gong. It is undisputed that Chen's motion to reopen was untimely filed more than 90 days after her removal order became final. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The time limitation does not apply if the motion is to reopen proceedings in order to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

We find no error in the BIA's determination that Chen's evidence failed to demonstrate a material change related to the population control program as required to excuse her untimely filing. *See Jian Hui Shao*, 546 F.3d at 168-73. Nor did the BIA err in its alternative determination that Chen's new evidence in support of her family planning claim was previously available. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also Jian Hui Shao*, 546 F.3d at 168.

4

As to Chen's Falun Gong claim, the BIA did not err in finding that the evidence, including the 2010 U.S. State Department's International Religious Freedom Report, did not demonstrate a change in the treatment of Falun Gong practitioners. The evidence reflects that the Chinese government has mistreated Falun Gong practitioners since banning the practice in 1999, more than a decade before Chen's hearing. *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."). Alternatively, the BIA did not err in finding that Chen failed to establish her prima facie eligibility for relief: Chen did not submit any evidence that the Chinese government is aware of or likely to become aware of her practice. *See Jian Hui Shao*, 546 F.3d at 168 (recognizing that the movant is required to establish a prima facie case for the underlying relief sought); *see also Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) ("[T]o establish a

5

well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in h[er] country of nationality are either aware of h[er] activities or likely to become aware of h[er] activities").

For the foregoing reasons, the petitions for review are DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

6